UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 7, 2019

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **MAGISTRATE NO. 19-MJ-0217** |
| | : | |
| **REUBEN NWENZE,** | : | **VIOLATION:** |
| | : | **18 U.S.C. § 922(g)(1)** |
| Defendant. | : | **(Unlawful Possession of a Firearm by a** |
| | : | **Person Convicted of a Crime Punishable** |
| | : | **by Imprisonment for a Term Exceeding** |
| | : | **One Year)** |
| | : | |
| | : | **FORFEITURE: 18 U.S.C. § 924(d),** |
| | : | **21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c)** |

**I N D I C T M E N T**

The Grand Jury charges that:

**COUNT ONE**

On or about August 20, 2019, within the District of Columbia, **REUBEN NWENZE**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case No. 2018-CF3-006213, did unlawfully and knowingly receive and possess a firearm, that is, a Colt series 90-380 Pony, .380 caliber semi-automatic handgun, and did unlawfully and knowingly receive and possess ammunition, that is, .380 caliber ammunition, which had been possessed, shipped, and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## FORFEITURE ALLEGATION

1.  Upon conviction of the offense alleged in Count One of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of this offense, including but not limited to a Colt series 90-380, .380 caliber semi-automatic handgun, and .380 caliber ammunition.

2.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   (a)   cannot be located upon the exercise of due diligence;

   (b)   has been transferred or sold to, or deposited with, a third party;

   (c)   has been placed beyond the jurisdiction of the Court;

   (d)   has been substantially diminished in value; or

   (e)   has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON.

*Jessie K. Liu*
Attorney of the United States in
and for the District of Columbia.