UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>REUBEN NWENZE,<br><br>            Defendant. | Case No. 19-cr-285 (EGS) |

### SUPPLEMENTAL RESPONSE TO GOVERNMENT'S MOTION

On October 26, 2020, Mr. Nwenze submitted his response to the government's motion seeking to vacate this Court's order issued on August 27, 2020. The Court subsequently ordered Mr. Nwenze to supplement his pleading specifically addressing the issue of standing.

The government relies on *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) for its proposition that Mr. Nwenze lacks standing. The case is inapposite to the situation here. In *Lyons*, the plaintiff sought to enjoin the city's police department from ever using a chokehold on a person. *Id.* at 98. Mr. Lyons believed that if the practice continued, he could potentially be stopped by the police in the future and be subject to it once again. *Id.* The Court, citing the speculative nature of Mr. Lyons' claim, held that he failed to sufficiently allege a case or controversy. *Id.* at 105. The Court explained that in order to meet the "actual controversy" standard, "[Mr.] Lyons would have had not only to allege that he would have another encounter with the police but also to make the incredible assertion either, (1) that *all* police officers in Los Angeles *always* choke any citizen with whom they happen to have an

encounter, whether for the purpose of arrest, issuing a citation or for questioning or, (2) that the City ordered or authorized police officers to act in such manner." *Id.* at 105-106 (emphasis in original).

Here, Mr. Nwenze is not a plaintiff pursuing civil action against the DOC. He is not seeking sweeping policy reforms within the D.C. Jail. Indeed, he seeks nothing remotely close to that. Given the vast differences between the two situations, it is unclear how *Lyons* supports the government's position on whether standing is required in Mr. Nwenze's case.[1]

The government is constitutionally obligated to provide Mr. Nwenze with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). This gives the Court inherent authority in ensuring the government complies with their obligations. The status reports ordered by this Court are nothing more than a tool of accountability to ensure the DOC is in fact providing Mr. Nwenze with adequate medical care.

To the extent standing is salient to the question before the Court, Mr. Nwenze certainly has a real and direct interest in ensuring the Court and his counsel are aware of what, if anything, DOC is doing to protect his constitutional rights. Additionally, there is still a question as to whether DOC is fully complying with its obligation. As stated in Mr. Nwenze's initial response, he was referred for an echocardiogram over a month ago due to irregularities in other test results. DOC has not ensured that Mr. Nwenze receives this necessary test. The only response to

---

[1] Given the limited time to research the issue, counsel was unable to find case law more in line with the circumstances of Mr. Nwenze's case.

this has been that Mr. Nwenze "did not appear" for a previously scheduled appointment. No indication of a rescheduled date has been given. It is precisely because of these shortcomings that the Court's order should remain in place, or at most, be amended to require less frequent updates.

Respectfully submitted,

A. J. Kramer
Federal Public Defender

_____
Jose A. German
Assistant Federal Public Defenders
625 Indiana Ave NW, Suite 550
Washington, D.C. 20004
(202) 208-7500